# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## COLUMBIA DIVISION

| | | |
|---|---|---|
| **Frances Morton,** | ) | **Case No.:** 3:26-cv-1371-SAL |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **Decker Trucking Line, Inc. and Lance Frances Day,** | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| **Defendants.** | ) | |

Frances Morton, the Plaintiff in this civil action, does make the following claims against Defendants:

1.      The Plaintiff, Frances Morton (hereinafter referred to as "Plaintiff") is currently a citizen and resident of Oklahoma, South Carolina, but was a resident and citizen of Lexington County, South Carolina at the time of this wreck.

2.      Upon information and belief, the Defendant Lance Frances Day (hereinafter referred to as "Defendant Day") is a citizen and resident of the state of Louisianna and was employed by the Defendant Decker Trucking Line, Inc. (hereinafter referred to as "Defendant Decker Trucking"), at the time of this incident and during all relevant times as either an employee or independent contractor, and for whose acts or omissions Defendant Decker Trucking was responsible either through the doctrine of respondeat superior or other applicable law.

3.     Upon information and belief, the Defendant Decker Trucking Line, Inc. is a business and/or corporation incorporated and existing in a State other than South Carolina (Iowa, upon information and belief) but conducting business in the State of South Carolina.

4.     The accident giving rise to this litigation occurred in Lexington County, South Carolina.

5.     The Court has subject matter jurisdiction over this matter and *in personam* jurisdiction over the parties pursuant to the South Carolina Long Arm Statute and other applicable law.

## FACTS

6.     At all times relevant herein, Defendant Day was driving a tractor trailer truck under dispatch from Defendant Decker Trucking Line, Inc. and was doing so in the course and scope of his employment as an employee with Defendant Decker Trucking Line, Inc., or he was doing so under direction and dispatch as an independent contractor.

7.     On or about October 23, 2024, Defendant Day was traveling on or near U. S. Highway 378 in Lexington County, South Carolina in a tractor trailer owned by Defendant Day and/or Defendant Decker Trucking Line, Inc..  At or about the same time, Plaintiff was traveling in a vehicle owned by Plaintiff in the same area.

8.     The Defendant Day was backing out onto U. S. Highway 378 from a private driveway into oncoming traffic, and caused a collision between the vehicle operated by Plaintiff and the vehicle operated by Defendant Day.

9.     Defendant Day failed to act properly in the operation of his vehicle to avoid the collision with the vehicle operated by Plaintiff.

10. This collision caused serious and permanent bodily injuries to the Plaintiff as a direct and proximate result of the wrongful acts and omissions set forth herein as committed by the Defendants, either individually and to the exclusion of each other, or jointly in combination with each other. As a result, Plaintiff has suffered the following, past, present and future:

    a. personal injury;
    b. pain and suffering;
    c. mental anguish;
    d. loss of enjoyment of life;
    e. medical expenses
    f. lost wages;
    g. loss of society/companionship;
    h. permanent impairment;
    i. property damage and associated losses, including loss of use;
    j. other damage and losses as will be shown at trial

for which the Plaintiff is entitled to recover an amount of actual, punitive, special and consequential damages to be determined by a jury at the trial of this action.

11. That the Defendant Decker Trucking Line, Inc., either individually and directly, or through the doctrine of respondeat superior, owed a duty to the members of the community to maintain a proper lookout for other vehicles on the roadway and keep their vehicle under control, and Defendants failed to keep a proper lookout and to keep proper control of their vehicle.

12. That the Defendant Decker Trucking Line, Inc., either individually and directly, or through the doctrine of respondeat superior owed a duty to members of the community to operate the vehicle in a safe and lawful manner and failed to do so.

13. The Defendant Decker Trucking Line, Inc. had a duty to Plaintiff to ensure that their truck drivers had sufficient supervision and training to prevent harm to the public.

14. That the Defendant Decker Trucking Line, Inc. had a duty to the Plaintiff to train drivers like Defendant Day of the dangers of unsafe driving.

15.    That the Defendant Decker Trucking Line, Inc. had a duty to carefully select and hire qualified truck drivers as either employees or independent contractors to prevent harm to the public.

16.    That the Defendant Decker Trucking Line, Inc. had a duty to constantly evaluate the safety of their drivers to prevent harm to the public and properly supervise their drivers and retain only qualified drivers as employees or independent contractors.

17.    That the Defendants were not allowed to endanger the public through the actions of itself or its drivers of the operation of unsafe vehicles on the roadways.

18.    That the Defendants, either individually and directly, or through the doctrine of respondeat superior, had a duty to follow traffic laws to prevent harm to the public.

### FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
**(Negligence, Gross Negligence, and Recklessness)**

19.    Plaintiff re-alleges the allegations of all paragraphs above as if restated verbatim.

20.    The Plaintiff will show that at the times and places above mentioned that Defendant Day, while acting as agent, servant, employee and/or independent contractor, for and at the direction of Defendant Decker Trucking Line, Inc., was willful, wanton, careless, negligent, grossly negligent, and reckless in the following particulars:

a.    In operating his vehicle at an improper speed;

b.    In failing to keep a proper lookout;

c.    In failing to see or observe things which a reasonable person should see;

d.    In failing to maintain reasonable vigilance and anticipate others use of the roadway;

e.  In failing to appropriately apply his brakes or otherwise stop or move his vehicle;

f.  In failing to sound his horn;

g.  In driving his tractor trailer truck in a careless and heedless fashion on the roadway so as to endanger other persons or property;

h.  In failing to abide by the proper rules and regulations concerning appropriate rest;

i.  In failing to stop and yield right-of-way;

j.  In failing to keep his vehicle under proper control;

k.  In improperly backing up onto a roadway;

l.  In failing to use the degree of care and skill required by a tractor trailer driver under the same or similar circumstances;

m.  In failing to use proper warnings, cones, lights, flags, ,flagmen, etc.;

n.  In such other and further ways as discovery may reveal.

21.  That the above acts and omissions were the direct and proximate cause of the injuries and damages sustained by the Plaintiff herein, the said acts and omissions being in violation of the common and statutory law of the state of South Carolina and such other law as may apply.

22.  As a result of the conduct of all Defendants, Plaintiff was harmed and injured and is entitled to a judgment against all Defendants for actual and punitive damages for physical injury, pain and suffering, mental anguish, loss of human dignity and other matters caused by the same, in an amount to be determined at the trial of this action.

## **FOR A SECOND CAUSE OF ACTION AGAINST DECKER TRUCKING LINE, INC.**
### **(Negligent Hiring)**

23.     Plaintiff re-alleges the allegations of all paragraphs above as if restated verbatim.

24.      The Defendant Decker Trucking Line, Inc. owed a duty to the Plaintiff and others to hire only personnel as employees and/or independent contractors who were appropriate, competent and capable to operate commercial motor vehicles and not to hire personnel as employees or independent contractors who placed the Plaintiff and others at a risk of bodily injury or death.

25.      Defendant Decker Trucking Line, Inc. breached that duty continually by hiring personnel as employees or independent contractors who committed the acts described in this Complaint and others, and in fact encouraging the same, and the Defendant Decker Trucking Line, Inc. had knowledge that these persons committed wrongful prior conduct but failed to remedy the situation or select and retain proper personnel.

26.      As a result of conduct of Defendant Decker Trucking Line, Inc., the Plaintiff was harmed and injured and is entitled to actual and punitive damages for physical injury, pain and suffering, mental anguish, loss of human dignity and other matters caused by the same, in an amount to be determined at the trial of this action.

## **FOR A THIRD CAUSE OF ACTION AGAINST DECKER TRUCKING LINE, INC.**
### **(Negligent Training and Supervision)**

27.     Plaintiff re-alleges the allegations of all paragraphs above as if restated verbatim.

28.     The Defendant Decker Trucking Line, Inc. owed a duty to the Plaintiff and others to properly  supervise and properly train its personnel, either as an employee or independent

contractor, and determine if these persons were appropriate to operate commercial motor vehicles and not to allow these personnel to place the Plaintiff and others at a risk of bodily injury or death.

29.     The Defendant Decker Trucking Line, Inc. breached that duty by failing to properly supervise and train the personnel who committed the acts described in this Complaint and others, and these Defendants had knowledge that this person was likely to commit and/or did commit wrongful conduct but failed to remediate the situation.

30.     As a result of the conduct of Defendant Decker Trucking Line, Inc., the Plaintiff was harmed and damaged and is entitled to actual and punitive damages for physical injury, pain and suffering, mental anguish, loss of human dignity and other matters caused by the same, in an amount to be determined at the trial of this action.

## FOR A FOURTH CAUSE OF ACTION AGAINST DECKER TRUCKING LINE, INC.
### (Negligent Retention)

31.     Plaintiff re-alleges the allegations of all paragraphs above as if restated verbatim.

32.     The Defendant Decker Trucking Line, Inc. owed a duty to the Plaintiff and others to investigate the wrongful and unacceptable conduct of its personnel and/or selected independent contractor and take appropriate action to remedy the issues or not select or retain an incompetent and incapable independent contractor.

33.     Defendant Decker Trucking Line, Inc. breached that duty by failing to undertake any appropriate investigation, nonselection or hiring, discharge, remedial training or reassignment or termination of its agents and employees and drivers and/or independent contractor who were not competent and capable of performing properly.

34.     As a result of the conduct of Defendant Decker Trucking Line, Inc., the Plaintiff was harmed and damaged is entitled to actual and punitive damages for physical injury, pain and

suffering, mental anguish, loss of human dignity and other matters caused by the same, in an amount to be determined at the trial of this action.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for all actual damages, special damages, consequential damages, and punitive damages in an amount to be determined by the jury at the trial of this action, the costs and disbursements of this action and for such other and further relief as this court deems just and proper.

ATTORNEYS FOR PLAINTIFF

By:___/S/ J. Christopher Wilson_____
        J. Christopher Wilson (Fed. ID 06422)
        Lauren B. Dangerfield (Fed. ID 13197)
        Wilson Law Group, LLC
        P. O. Box 1150
        Bamberg, SC  29003
        Telephone: (803) 245-7799
        Fax: (803)245-0037
        chris@wilsonlawgroupsc.com
        lauren@wilsonlawgroupsc.com

        AND

        E. Wayne Ridgeway, Jr. (Fed. ID: 9233)
        Burriss and Ridgeway
        820 Gracern Road
        Columbia, SC 29210
        (803) 451-4000
        wayne@burrisslaw.com

April __1_, 2026

Bamberg, SC